THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KATHY KEATLEY GARVEY,<br><br>Plaintiff,<br><br>v.<br><br>BUZZNICK, LLC and STATIC MEDIA, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [16] MOTION FOR ENTRY OF FINAL DEFAULT AGAINST DEFENDANT BUZZNICK, LLC AND STATIC MEDIA, LLC**<br><br>Case No. 2:22-cv-00400-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiff Kathy Keatley Garvey's ("Ms. Garvey") Motion for Entry of Final Default.[1] Ms. Garvey moves the court to enter default judgment and a permanent injunction against Defendants Buzznick, LLC ("Buzznick") and Static Media, LLC ("Static Media") (collectively "Defendants"). For the reasons below, the court grants in part and denies in part Ms. Garvey's motion.

### BACKGROUND[2]

Ms. Garvey is a professional photographer.[3] In 2001, she photographed a honey bee stinging an individual (the "Photo").[4] The Photo won first place in an international photography

---

[1] Mot. for Entry of Final Default Against Def. Buzznick, LLC & Static Media, LLC ("Mot. Default J."), ECF No. 16, filed Apr. 4, 2023.
[2] "Because of the default judgment against him, [the defendant] 'admits the plaintiff's well-pleaded allegations of fact' and forfeits his ability to contest those facts." *Tripodi v. Welch*, 810 F.3d 761, 763 n.1 (10th Cir. 2016) (quoting *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003)).
[3] Decl. of Kathy Keatley Garvey in Support of Pl. Mot. for Entry of Final Default ("Garvey Decl.") ¶ 3, ECF No. 16-1, filed Apr. 4, 2023.
[4] *Id.* ¶ 4.

1

contest.[5] She registered the Photo on August 13, 2013 with the U.S. Copyright Office.[6] Ms. Garvey normally charges $2,000 per year for a single, non-exclusive commercial use of such a photo.[7]



**"Honey Bee Sting at UC Davis" by Kathy Keatley Garvey**[8]

Buzznick owns the website www.buzznicked.com (the "Website") that features various articles, photographs, and videos.[9] Static Media appears on the Digital Millennium Copyright Act policy page on the Website.[10] Thus, Ms. Garvey asserts Static Media shared ownership of the Website during the infringement.[11] In July 2019, Ms. Garvey saw the Photo in an article posted on the Website.[12] She had not given Defendants permission or license to use the Photo.[13]

---

[5] *Id.* ¶ 12.
[6] Cert. of Registration, "Honey Bee Sting at UC Davis," Reg. No. VA 1-872-136, U.S. Copyright Off. (Aug. 14, 2013) ("Copyright Registration"), ECF No. 2-1, filed June 15, 2022.
[7] Garvey Decl. ¶¶ 11, 18.
[8] *Id.* ¶ 4.
[9] Compl. ¶ 3, ECF No. 2, filed June 15, 2022.
[10] *Id.* ¶ 4.
[11] *Id.*
[12] Garvey Decl. ¶ 7 (The article was titled "50 Of The Most Perfectly Timed Photos You'll Ever See.").
[13] *Id.* ¶ 8.

On June 15, 2022, Ms. Garvey filed her Complaint.[14] She asserts one count of copyright infringement.[15] On July 26, 2022, she served Defendants' registered agent.[16] Defendants did not file an answer or otherwise respond.[17] The Clerk of Court entered a default certificate on October 3, 2022.[18] Ms. Garvey moved for entry of default judgment on April 4, 2023.[19]

## DISCUSSION

Ms. Garvey seeks default judgment and a permanent injunction. The court addresses each request in order.

### I. Default Judgment

"Once default is entered, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"[20] To grant default judgment, the court must ensure that jurisdiction exists and that default judgment is appropriate.[21] "[T]he entry of a default judgment is committed to the sound discretion of the district court[.]"[22]

#### A. Subject Matter Jurisdiction Exists and the Court Can Exercise Personal Jurisdiction Over Defendants.

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over

---

[14] *See* Compl.
[15] *Id.* ¶¶ 28–35.
[16] *See* ECF No. 7; ECF No. 8.
[17] *See* Docket.
[18] ECF No. 12.
[19] *See* Mot. Default J.
[20] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Fed. Prac. & Proc.* § 2688, at 63 (3d ed. 1998)).
[21] *See Minden Pictures, Inc. v. Buzznick, LLC*, No. 2:22-cv-00369, 2023 WL 2243177, at *2 (D. Utah Feb. 27, 2023).
[22] *Tripodi*, 810 F.3d at 764.

the subject matter and the parties."[23] "In reviewing its personal jurisdiction, . . . the court exercises its responsibility to determine that it has the power to enter the default judgment."[24] "The plaintiff has the burden of proving that the court has jurisdiction."[25] "[T]he plaintiff need only make a prima facie showing on these two questions if the motion is decided only on the basis of the parties' affidavits and other written materials."[26]

Subject matter jurisdiction exists because Ms. Garvey asserts a claim under federal copyright law.[27] And the court may assert personal jurisdiction over Defendants. Buzznick and Static Media are Utah limited liability companies with a principal place of business in Utah.[28] The court can exercise personal jurisdiction over a corporation where it is incorporated or where its principal place of business lay.[29] Finding subject matter and personal jurisdiction proper, the court turns to the matter of default judgment.

### B. Default Judgment Against Defendants Is Warranted.

"Default judgment is a harsh sanction."[30] It is "normally 'available only when the adversary process has been halted because of an essentially unresponsive party' and 'the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.'"[31] Despite service of process and notice over ten months ago, Defendants have failed

---

[23] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).
[24] *Id.*
[25] *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1281 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2793 (2021) (cleaned up).
[26] *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).
[27] Compl. ¶¶ 28–35; 17 U.S.C. § 501 *et seq.*; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").
[28] Compl. ¶¶ 11–12.
[29] *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021) (citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021)).
[30] *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987).
[31] *Petersen v. Carbon County*, 156 F.3d 1244 (10th Cir. 1998) (quoting *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991)).

4

to appear or defend against the infringement claim.[32] Ms. Garvey is thus entitled to judgment if the Complaint and record evidence support the claim and her request for damages.[33]

### 1. Copyright Infringement

Ms. Garvey asserts Defendants violated the Copyright Act when they willfully copied, displayed, and distributed the Photo without permission or license.[34] "Copyright infringement requires that the plaintiff prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"[35]

Proof of a valid copyright typically occurs with a registration certificate from the Copyright Office.[36] Ms. Garvey holds the copyright for the Photo. As proof, she offers a copy of the certificate of registration for "Honey Bee Sting at UC Davis," dated August 14, 2013.[37] For this reason, Ms. Garvey satisfies the first element.

For the second element, a plaintiff must show factual copying and a "substantial similarity between the allegedly infringing work and the elements of the copyrighted work that are legally protected."[38] "Th[e] second component . . . determines whether a defendant's factual copying constitutes actionable infringement."[39] A comparison of Ms. Garvey's Photo and a screenshot from the Website shows factual copying. The two images appear identical.[40] As such,

---

[32] *See* Docket.
[33] *See* Fed. R. Civ. P. 55(b)(2).
[34] Compl. ¶¶ 29–33.
[35] *Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1099 (10th Cir. 2020) (quoting *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012)).
[36] *Id.* (citing 17 U.S.C. § 410(c)).
[37] Copyright Registration.
[38] *Craft Smith*, 969 F.3d at 1101 (quoting *Blehm*, 702 F.3d at 1199).
[39] *Blehm*, 702 F.3d at 1199.
[40] *Compare* Compl. ¶ 13, *with* ECF No. 2-2, at 8–9.

there is no question that the two are substantially similar.[41] Having shown that Defendants infringed Ms. Garvey's copyright, the next issue is damages.

### 2. Damages

"Default judgment cannot be entered until the amount of damages has been ascertained."[42] "[T]he court must not blindly approve requested damages, but rather, evaluate requests to ensure that any award is 'supported by actual proof.'"[43] Under Federal Rule of Civil Procedure 55, the court may conduct hearings to determine the amount of damages.[44] But a hearing may be unnecessary when evidence creates a record sufficient to make the necessary findings.[45] Here, the affidavits and documentary evidence before the court are sufficient to establish such a record.[46]

"Upon proof of copyright infringement, 'the copyright owner may elect between actual damages and profits or statutory damages.'"[47] The Copyright Act authorizes statutory damages between $750 and $30,000 for infringement of any one work "as the court considers just."[48] Should the plaintiff prove willful infringement, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."[49] Ms. Garvey seeks $80,000 in

---

[41] *See Prepared Food Photos, Inc. v. Chicago-Mkt.-distributors, Inc.*, No. 1:22-cv-03299, 2023 WL 3570673, at *5 (D. Colo. Apr. 18, 2023), *R. & R. adopted*, 2023 WL 3568164 (D. Colo. May 19, 2023) ("Here, the screenshots of Defendant's website unequivocally show Defendant's copying of the Work.").
[42] *Avus Designs, Inc. v. Grezxx, LLC*, No. 22-cv-0173, 2022 WL 17404426, at *2 (D. Wyo. Dec. 2, 2022).
[43] *Minden Pictures*, 2023 WL 2243177, at *3 (citation omitted).
[44] Fed. R. Civ. P. 55(b)(2)(B).
[45] *See Minden Pictures*, 2023 WL 2243177, at *3; *Malluk v. Berkeley Highlands Prods., LLC*, No. 19-cv-01489, 2020 WL 1033339, at *2 (D. Colo. Mar. 3, 2020); *Hermeris, Inc. v. McBrien*, No. 10-2483, 2012 WL 1091581, at *2 (D. Kan. Mar. 30, 2012) ("[A] hearing is unnecessary 'when the movant submits detailed affidavits and exhibits that furnish a sufficient uncontested record from which to determine statutory damages and costs with reasonable certainty.'" (citation omitted)).
[46] *See* Compl.; Mot. Default J.; Garvey Decl.
[47] *Hermeris*, 2012 WL 1091581, at *2 (quoting 17 U.S.C. § 504(c)(1)).
[48] § 504(c)(1).
[49] *Id.* § 504(c)(2).

statutory damages.[50] She arrives at her calculation by multiplying a licensing fee of $2,000 per year for two years' worth of infringement, a "willfulness factor of [five] and a rarity/scarcity multiplier of [four]."[51] Since $30,000 is the statutory maximum for non-willful infringement, the threshold question is whether Defendants' infringement was willful.

**(1)   Ms. Garvey Has Not Proven Willful Infringement.**

"'Willfully,' as used in § 504(c)(2), means 'with knowledge that the defendant's conduct constitutes copyright infringement.'"[52] "[T]he plaintiff must prove that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement."[53] Here, the plaintiff must offer adequate factual allegations.[54]

Ms. Garvey has not done so. "Courts in this [Circuit] have found willful infringement where there was evidence that defendants knew a license to a copyrighted work was required but still elected to proceed by infringement rather than comply with the copyright laws.'"[55] In the same vein, courts have found willful infringement where a party informed defendants of potential infringement and the defendants took no action.[56] Here, Defendants copied the Photo

---

[50] Garvey Decl. ¶ 18; Mot. Default J. 8–9.
[51] Mot. Default J. 10.
[52] *Viper Nurburgring Rec. LLC v. Robbins Motor Co., LLC*, No. 5:18-cv-04025, 2019 WL 4256372, at *6 (D. Kan. Sept. 9, 2019) (quoting 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[B][3][a] (2021)).
[53] *Minden Pictures*, 2023 WL 2243177, at *4 (quoting *Nunes v. Rushton*, No. 2:14-cv-00627, 2018 WL 2214593, at *1 (D. Utah May 14, 2018)).
[54] *See Minden Pictures*, 2023 WL 2243177, at *4 (finding insufficient factual allegations for the court to determine the defendant's actions were willful); *Malluk*, 611 F. Supp. 3d at 1139–40 (same).
[55] *Innovative Sports Mgmt., Inc. v. Castillo*, No. 19-cv-01596, 2020 WL 12584442, at *8 (D. Colo. Apr. 30, 2020), *R. & R. adopted*, 2020 WL 12584445 (D. Colo. July 27, 2020) (collecting cases).
[56] *See Dallas Buyers Club, LLC v. Cordova*, 81 F. Supp. 3d 1025, 1035 (D. Colo. 2015); *Major Bob Music v. S. Shore Sports Bar & Grill, Inc.*, No. 2:08-cv-689, 2010 WL 2653330, at *3 (D. Utah June 30, 2010).

and posted it to one webpage.[57] Ms. Garvey notified Defendants of the potential infringement in July 2020.[58] And Defendants removed the photo by January 2021.[59]

It is true Defendants have failed to appear and explain their conduct.[60] Beyond the initial post and subsequent take-down, however, Ms. Garvey offers mere conclusory allegations. She alleges Defendants willfully infringed when they "made further copies and distributed the [Photo] on the internet to promote the sale of goods and services as part of their human-interest entertainment website."[61] In addition, she alleges Defendants used the Photo "for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services."[62] But she alleges no plausible facts about how, when or where any of this alleged additional copying and distribution occurred. Neither does she allege that Defendants refused to take down the Photo after notification.[63]

Given her scant allegations, Ms. Garvey has not met her burden to prove Defendants knew or recklessly disregarded the possibility that their actions were copyright infringement.[64] The court therefore may award no more than $30,000 in statutory damages.[65]

---

[57] ECF No. 2-2, at 8–9. The Photo contains Ms. Garvey's name next to a lowercase "c" in parentheses. *Id.* ((c) Kathy Keatley Garvey).
[58] Compl. ¶ 23; ECF No. 2-3 at 2–5.
[59] *Id.* at 10–11 ("We note that a review of the accused infringing webpage shows that the infringement has been removed.").
[60] *Id.*
[61] Compl. ¶¶ 21, 33.
[62] *Id.* ¶ 22.
[63] *See Minden*, 2023 WL 2243177, at *4.
[64] Ms. Garvey offers various arguments as to why Defendants' actions were willful. *See* Mot. Default J. 14–15. Because she alleges insufficient facts, the court does not further address her arguments.
[65] 17 U.S.C. § 504(c)(1).

### (2) The Court Awards Statutory Damages in an Amount Triple the Licensing Fee.

"[T]he district court has broad discretion to assess what is just in a particular case . . . so long as the amount is neither more than the maximum nor less than the minimum."[66] Courts consider various factors such as

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [copyright]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.[67]

"In the Tenth Circuit . . . courts generally follow the practice of awarding 'statutory damages double or treble the underlying license fee.'"[68]

Ms. Garvey argues all seven factors weigh in favor of $80,000 in statutory damages. First, she argues Defendants reaped profits and avoided costs. Ms. Garvey would normally charge at least $2,000 per year for each commercial use of the Photo.[69] Defendants thus allegedly saved at least $2,000 per year by posting the Photo without permission on their entertainment-focused Website. Ms. Garvey presents no evidence as to how much profit Defendants allegedly obtained. Yet she argues no proof of actual damages is necessary for an award.[70]

---

[66] *Zuffa, LLC v. Gonzalez*, No. 17-cv-01805, 2017 WL 6016403, at *4 (D. Colo. Nov. 14, 2017) (cleaned up); *see Kleiner v. Burns*, No. 00-2160, 2000 WL 1909470, at *3 (D. Kan. Dec. 22, 2000) ("[T]he court's discretion and sense of justice are controlling with respect to the sum of damages awarded within the statutory range.").
[67] *Klein-Becker USA, LLC v. Englert*, No. 2:06-cv-00378, 2011 WL 147893, at *14 (D. Utah Jan. 18, 2011), *aff'd*, 711 F.3d 1153 (10th Cir. 2013), and *aff'd*, 711 F.3d 1153 (10th Cir. 2013).
[68] *Minden Pictures*, 2023 WL 2243177, at *5 (quoting *Innovative Sports Mgmt., Inc. v. Castillo*, No. 19-cv-01596, 2020 WL 12584442, at *9 (D. Colo. Apr. 30, 2020), *R. & R. adopted*, 2020 WL 12584445 (D. Colo. July 27, 2020)); *see Major Bob Music*, 2010 WL 2653330, at *3 ("[C]ourts routinely award as statutory damages in cases such as this amounts that are between two and three times the license fees owed.").
[69] Garvey Decl. ¶¶ 11, 18.
[70] Mot. Default J. 10 (citing *Experience Hendrix, L.L.C. v. Pitsicalis*, No. 17 CIV 1927, 2020 WL 3564485 (S.D.N.Y. July 1, 2020), *R. & R. adopted sub nom. Experience Hendrix, LLC v. Hendrix*, 2020 WL 4261818 (S.D.N.Y. July 24, 2020)).

Next, Ms. Garvey asserts she lost at least $80,000 when Defendants infringed her rare and valuable Photo for two years.[71] Ms. Garvey asks the court to apply a deterrence factor of [five] and a scarcity factor of [four].[72] She contends the Photo "is a rare, one-of-a-kind image of a bee sting that . . . has never been replicated."[73] Because of Defendants' alleged infringement, the Photo purportedly lost value. Ms. Garvey claims she can no longer offer an exclusive licensing fee because others can now freely access the Photo.[74] She argues other courts have awarded enhanced statutory damages based on scarcity.[75]

Ms. Garvey contends a hefty award will deter Defendants from future infringement and "provide a deterrent for would-be infringers."[76] If "online publishers like Defendants can simply avoid paying a licensing fee, avoid responding to court proceedings, and ultimately pay a nominal amount of damages later, they have little incentive to license the Work beforehand."[77] Ms. Garvey argues a minimal statutory penalty would not sufficiently deter would-be infringers.

Due to Defendants' failure to cooperate, Ms. Garvey asserts the court should award an enhanced penalty. She argues Defendants' absence prevents her from defining the extent of Defendants' ill-gotten gains.[78] Finally, Ms. Garvey argues enhanced statutory damages will

---

[71] Garvey Decl. ¶ 18.
[72] *Id.*
[73] *Id.* ¶ 12.
[74] *Id.* ¶¶ 13–14.
[75] *See Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 394 (3d Cir. 2016); *Harrington v. Equity Asset & Prop. Mgmt., Inc.*, No. 3:18-cv-00216, 2020 WL 209134, at *8–9 (S.D. Cal. Jan. 14, 2020); *Ermert v. STA Travel, Inc.*, No. CV 18-10114, 2019 WL 2970836, at *1 (C.D. Cal. Apr. 26, 2019); *Barcroft Media, Ltd. v. Soc. Trends Media, Inc.*, No. CV 17-5277, 2018 WL 4745305, at *3 (C.D. Cal. May 1, 2018).
[76] Mot. Default J. 13 (quoting *Walpole Woodworkers, Inc. v. Atlas Fencing, Inc.*, 218 F. Supp. 2d 247, 252 (D. Conn. 2002)).
[77] *Id.*
[78] *Id.* ("[O]nly Defendants know the answers to these queries and their refusal to defend this suit has prevented [Ms. Garvey] from discovering the full nature and extent of her actual damages.").

discourage Defendants from future infringement. In support, she points to Defendants' other alleged instances of infringement.[79]

Six factors promote an enhanced statutory award. Defendants saved at least $2,000 per year, and Ms. Garvey lost the same, when Defendants posted her Photo without permission or license. While it is impossible to calculate the amount, if any, Defendants reaped from unlicensed use of the Photo, the court has the "'necessary flexibility to do justice' when it is difficult or impossible to calculate actual damages."[80] Accepting the allegations as true, the Photo is unique and valuable. Defendants have not appeared in this action. And an award of statutory damages may deter Defendants and other potential infringers.

But the court is not convinced maximum statutory damages are proper. Ms. Garvey normally charges $2,000 per year for a single, non-exclusive commercial license.[81] Defendants committed one instance of infringement. Ms. Garvey offers no evidence Defendants infringed any other works. She cites merely to the instant case[82] and a case where a plaintiff voluntarily dismissed the case.[83] While Ms. Garvey argues Defendants infringed for two years,[84] she has not shown Defendants infringed other copyrighted material or even posted the Photo to other websites. The only non-conclusory allegations amount to Defendants using the Photo in one article on one website.[85] And Ms. Garvey has not proven Defendants' actions were willful. Defendants removed the Photo after the first demand letter.

---

[79] *Id.* at 16 (citing *Wild v. Static Media et al.*, 2:22-cv-00402 (D. Utah filed June 15, 2022)).
[80] *Nunes*, 2018 WL 2214593, at *1 (*quoting F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 232–33 (1952)).
[81] Garvey Decl. ¶¶ 11, 18.
[82] Mot. Default J. 15 (citing *Garvey v. Static Media et al.*, No. 2:22-cv-400 (D. Utah filed June 15, 2022)).
[83] *See* ECF No. 11, *Wild*, No. 2:22-cv-402.
[84] Mot. Default J. 10 ("at least two years of infringement by Defendants").
[85] ECF No. 2-2, at 8–9.

Tellingly, Ms. Garvey cites no Tenth Circuit caselaw for the proposition that the court should grant statutory damages reflecting a fortyfold increase in the underlying licensing fee. To the contrary, Tenth Circuit courts generally award "statutory damages double or treble the underlying license fee[.]"[86] "There appears no reason to set a new high watermark for statutory damages under these circumstances."[87] Accordingly, the court awards $12,000 in statutory damages: triple Ms. Garvey's claimed licensing fee per year for two years of infringement.

### (3) Ms. Garvey Is Entitled to Post-judgment Interest.

Ms. Garvey requests prejudgment and post-judgment interest. Under 28 U.S.C. § 1961, the court can award post-judgment interest "on any money judgment in a civil case recovered in a district court."[88] For this reason, Ms. Garvey is entitled to post-judgment interest.[89] But prejudgment interest is not appropriate. Ms. Garvey asserts no credible basis for such an award.[90] She cites one unpublished Tenth Circuit case where the court affirmed a district court's *denial* of prejudgment interest for lost profits and unjust enrichment claims.[91] In any event, the district court there sat in diversity and applied Utah law.[92] Here, the court applies federal law.[93] The

---

[86] *Minden*, 2023 WL 2243177, at *5 (quoting *Castillo*, 2020 WL 12584442, at *8); *see Prepared Food Photos*, 2023 WL 3570673, at *6 (collecting cases showing a double or triple award); *Major Bob Music*, 2010 WL 2653330, at *3 (same).
[87] *Minden*, 2023, WL 2243177, at *5.
[88] 28 U.S.C. § 1961; *e.g.*, *CenturyLink v. Logic Tree LLC*, No. 14-cv-02747, 2015 WL 430217, at *3 (D. Colo. Jan. 30, 2015).
[89] § 1961(a)–(b).
[90] *See Mendoza v. Amador*, No. 2:19-cv-01171, 2020 WL 5801508, at *6 (D.N.M. Sept. 29, 2020) ("Plaintiff did not assert the legal basis for prejudgment interest in their motion for default judgment or provide anything to support such an award. Therefore, the Court will decline to sua sponte analyze whether prejudgment interest is appropriate.").
[91] *ClearOne Commc'ns, Inc. v. Chiang*, 432 F. App'x 770, 771 (10th Cir. 2011) (unpublished).
[92] *Id.* at 773.
[93] *See Amann v. Off. of the Utah Att'y Gen.*, No. 2:18-cv-00341, 2022 WL 17821610, at *5 n.51 (D. Utah Dec. 20, 2022) ("Where this case is one arising out of federal question jurisdiction, no entity argued which law should apply, and no party indicated which claim(s) the documents relate to, the court looks to federal law." (citation omitted)).

federal statute on point does not contemplate prejudgment interest.[94] As such, the court awards post-judgment interest at the statutory rate.[95]

## II. Permanent Injunction

Ms. Garvey moves for entry of a permanent injunction "requiring Defendants to immediately and permanently purge all copies of the Works in their possession, custody, or control."[96] "Section 502(a) of the Copyright Act authorizes a court to issue a permanent injunction on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."[97] "To obtain a permanent injunction, the [plaintiff] must prove '(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.'"[98] The "[p]laintiff must establish all four elements, and the Court does not apply any presumption in Plaintiff's favor . . . ."[99]

Starting with the first two factors, Ms. Garvey argues Defendants will continue to cause her irreparable injury that damages will not cure. She further argues that Defendants' infringement detrimentally undermines her business. Next, she contends an injunction presents

---

[94] *Kelley v. City of Albuquerque*, No. CIV-03-507, 2006 WL 1305038, at *2 (D.N.M. Apr. 12, 2006) ("Section 1961 applies only to post-judgment interest, not pre-judgment interest."); *see Frymire v. Ampex Corp.*, 61 F.3d 757, 773 n.15 (10th Cir. 1995) ("Apparently the Supreme Court has tacitly agreed that § 1961(a) does not control the award of prejudgment interest." (citing *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827 (1990))).
[95] 28 U.S.C. § 1961.
[96] Mot. Default J. 17.
[97] *Purjes v. DigiNext, LLC*, No. 2:19-cv-00309, 2020 WL 1276970, at *4 (D. Utah Mar. 17, 2020) (cleaned up).
[98] *United States v. Uintah Valley Shoshone Tribe*, 946 F.3d 1216, 1222 (10th Cir. 2020) (quoting *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007)).
[99] *Shumaker v. Burgess Servs., LLC*, No. 21-cv-2291, 2022 WL 4104272, at *4 (D. Colo. Sept. 8, 2022); *see Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016) ("[A]ny modified test which relaxes one of the prongs . . . and thus deviates from the standard test is impermissible.").

no hardship to Defendants since they will be prevented only from conducting an unlawful activity. Last, she explains an injunction will help protect the public against potential infringers.

Ms. Garvey satisfies the first, third, and fourth elements. Defendants violated the Copyright Act when they infringed the Photo. An injunction against hosting infringing material would benefit Ms. Garvey without harming Defendants. And "[i]nfringement and dilution of trademarks are inherently contrary to the public interest."[100] Even so, three elements are not enough. Ms. Garvey must establish all four.

"[A] plaintiff satisfies the irreparable harm requirement by demonstrating 'a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages.'"[101] "Purely speculative harm will not suffice."[102] Ms. Garvey claims Defendants will continue to cause irreparable injury.[103] Plaintiff has supplied no evidence that Defendants have continued to utilize it. And she acknowledges that Defendants removed the offending Photo.[104]

Certainly, Ms. Garvey lost potential income and cannot discover the extent of Defendants' gain, if any. An inability to calculate damages sometimes can constitute irreparable harm.[105] Yet Ms. Garvey has not shown why damages are insufficient. She relies on an unpublished Tenth Circuit case for support. The court in *Christ Center of Divine Philosophy, Inc. v. Elam* granted an injunction against a publisher for willful infringement of four works.[106] The

---

[100] *Harris Rsch., Inc. v. Lydon*, 505 F. Supp. 2d 1161, 1169 (D. Utah 2007).
[101] *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003)).
[102] *Id.*
[103] Mot. Default J. 18.
[104] ECF No. 2-3, at 10.
[105] *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009) (quoting *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1361 (10th Cir. 1990)).
[106] *Christ Ctr. of Divine Phil., Inc. v. Elam*, 763 F. App'x 740, 741–42 (10th Cir. 2019) (unpublished).

court then modified the injunction when it found that the publisher published three additional books with infringing content.[107] *Elam* is inapposite. Here, Defendants committed one instance of non-willful infringement and removed the infringing work when notified. Plaintiff has failed to show that Defendants are likely to continue using the Photo, so the record does not support a finding of significant risk of further irreparable harm.[108] The court therefore denies Ms. Garvey's request for a permanent injunction.

## ORDER

Accordingly, Plaintiff's Motion for Entry of Final Default Against Defendant Buzznick, LLC and Static Media, LLC[109] is HEREBY GRANTED IN PART AND DENIED IN PART.

1. The court GRANTS default judgment against Defendants, jointly and severally. The court awards Plaintiff $12,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(1). Post-judgment interest will accrue at the statutory rate.
2. The court DENIES Plaintiff's request for a permanent injunction.

Signed June 1, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[107] *Id.* at 742.
[108] *See Minden*, 2023 WL 2243177; *Shumaker*, 2022 WL 4104272, at *5 ("Plaintiff alleges no facts that indicate Defendant is likely to further infringe upon Plaintiff's copyright of the Photographs. Therefore, the Court finds that Plaintiff has not shown that there is a significant risk that she will suffer any further harm, let alone any further irreparable harm.").
[109] ECF No. 16.