THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KATHY KEATLEY GARVEY,<br><br>Plaintiff,<br><br>v.<br><br>BUZZNICK, LLC and STATIC MEDIA, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [21] MOTION FOR ATTORNEY FEES AGAINST DEFENDANTS BUZZNICK, LLC AND STATIC MEDIA, LLC**<br><br>Case No. 2:22-cv-00400-DBB<br><br>District Judge David Barlow |

The matter before the court is Plaintiff Kathy Keatley Garvey's ("Ms. Garvey") Motion for Attorney Fees Against Defendants Buzznick, LLC and Static Media, LLC.[1] As explained below, the court grants the motion and awards Ms. Garvey reasonable attorney's fees.[2]

## BACKGROUND

On June 15, 2022, Ms. Garvey filed her Complaint for copyright infringement against Defendants Buzznick, LLC and Static Media, LLC (collectively "Defendants").[3] After Defendants' failure to respond or otherwise appear, Ms. Garvey moved for entry of default on

---

[1] Mot. for Att'y Fees Against Defs. Buzznick, LLC and Static Media, LLC ("Mot. for Att'y Fees"), ECF No. 21, filed June 14, 2023.
[2] Generally, "attorney's fees may not be awarded without a hearing to determine the amount." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). But "a live evidentiary hearing is not always required. Rather, the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it[,]" *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1138 (D. Colo. 2020), and there are no factual disputes, *Michael A. Cramer, MAI, SRPA, Inc. v. United States*, 47 F.3d 379, 383 (10th Cir. 1995). Here, Ms. Garvey submits a declaration of counsel and an itemized time sheet. *See* Decl. of Karthik Nadesan in Support of Pl. Mot. for Att'y Fees ("Nadesan Decl."), ECF No. 21-1, filed June 14, 2023. This is enough for the court to make a well-supported fee determination. And the court finds no factual dispute as to Ms. Garvey's fee request. *See, e.g.*, *Hutchinson v. Beckworth*, 474 F. App'x 736, 740 (10th Cir. 2012) (not selected for publication).
[3] Compl. ¶¶ 28–35, ECF No. 2.

1

September 28, 2022.[4] Five days later, the Clerk of Court entered a default certificate.[5] Ms. Garvey moved for entry of default judgment on April 4, 2023.[6] The court granted default judgment against Defendants, jointly and severally, in the amount of $12,000 on June 1, 2023.[7] Thirteen days later, Ms. Garvey moved for attorney's fees under 17 U.S.C. § 505. On August 3, 2023, the Clerk awarded Ms. Garvey $647 in costs.[8]

## DISCUSSION

For Ms. Garvey to prevail, the court must first determine if she merits attorney's fees. If an award is appropriate, the court next determines whether the requested amount is reasonable.

### I. An Award of Attorney's Fees to Ms. Garvey Is Appropriate.

The court's "'basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."[9] Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs."[10] "Fees under § 505 are not awarded 'as a matter of course.'"[11] They "are to be awarded to prevailing parties only as a matter of the court's discretion."[12] "[T]here is no precise rule or formula for making fee

---

[4] ECF No. 9.
[5] ECF No. 12.
[6] ECF No. 16.
[7] ECF No. 18, at 15.
[8] ECF No. 25.
[9] *Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242, 252–53 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 683 (1983)).
[10] 17 U.S.C. § 505.
[11] *Vient v. Ancestry*, No. 2:19-cv-00051, 2021 WL 2141768, at *2 (D. Utah May 26, 2021) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)).
[12] *Fogerty*, 510 U.S. at 533.

determinations under § 505[.]"[13] "[A] court must make a 'particularized,' 'case-by-case assessment.'"[14] The Supreme Court has endorsed several nonexclusive factors to guide courts: "frivolousness, motivation, objective unreasonableness[,] . . . and the need in particular circumstances to advance considerations of compensation and deterrence."[15] "Courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals."[16] The court applies the factors evenly to both parties.[17]

The Copyright Act "is intended to motivate the creative activity of authors and inventors by the provision of a special reward, and to allow the public access to the products of their genius after the limited period of exclusive control has expired."[18] Ms. Garvey argues that fee awards "encourage the types of lawsuits that promote th[e]se purposes."[19] She argues she had "no option but to file this lawsuit to protect . . . valid copyrights and recover[] appropriate damages[.]"[20] She contends her claim was not frivolous because she prevailed on default judgment. And she asserts fees would compensate her and deter infringers.

Defendants' failure to appear or respond does not mean that the court awards attorney's fees automatically. But Defendants' absence strengthens Ms. Garvey's arguments. She prevailed on default judgment for copyright infringement.[21] Ms. Garvey's lawsuit appears to be driven by a

---

[13] *Id.* at 534 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983)).
[14] *Vient*, 2021 WL 2141768, at *2 (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016)).
[15] *Fogerty*, 510 U.S. at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).
[16] *Kirtsaeng*, 579 U.S. at 209.
[17] *Fogerty*, 510 U.S. at 534 n.19.
[18] *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984).
[19] *Kirtsaeng*, 579 U.S. at 204; *see La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1199–200 (10th Cir. 2005), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) ("For copyright owners hesitant to engage in the long and expensive process of litigation, attorney's fees for prevailing parties are also recoverable under 17 U.S.C. § 505.").
[20] Mot. for Att'y Fees 4.
[21] *See Sony*, 464 U.S. at 433–34 ("The Copyright Act provides the owner of a copyright with a potent arsenal of remedies against an infringer of his work, including . . . attorneys fees.").

desire to protect a valid copyright from infringers—not to target Defendants unfairly or unreasonably. An award of attorney's fees will help compensate Ms. Garvey for bringing her lawsuit. What is more, fees will help deter potential infringers. Finally, the court is mindful that "the aims of the statute are compensation and deterrence where appropriate, but not ruination."[22] The court has no information as to Defendants' ability to pay. Even so, Ms. Garvey requests a modest award that is not "disproportionate to the amount at stake."[23]

For these reasons, the court finds an award of attorney's fees appropriate.

## II. The Court Awards Ms. Garvey Reasonable Attorney's Fees.

"'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' which produces the 'so-called lodestar amount.'"[24] The lodestar is "a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances."[25] "'[O]ther considerations,' including the 'results obtained' and the extent to which a party prevailed, may 'lead the district court to adjust the fee upward or downward.'"[26]

Ms. Garvey's counsel bills $400.00 per hour.[27] Counsel declares the rate competitive with the Salt Lake market.[28] The court finds the rate reasonable given counsel's experience and

---

[22] *Lieb*, 788 F.2d at 156.
[23] *Id.*
[24] *Valdez v. Macdonald*, 66 F.4th 796, 836 (10th Cir. 2023) (internal quotation marks omitted) (quoting *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010)).
[25] *Parker v. CitiMortgage, Inc.*, 987 F. Supp. 2d 1224, 1229 (D. Utah 2013), aff'd, 572 F. App'x 602 (10th Cir. 2014) (not selected for publication) (quoting *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010)).
[26] *Valdez*, 66 F.4th at 836 (quoting *Hensley*, 461 U.S. at 434).
[27] *See* Nadesan Decl. ¶ 6.
[28] *Id.*

expertise.[29] And the hours logged appear reasonable and necessary.[30] Multiplying the hours worked by the rate charged leads to a lodestar of $3,500. Counsel has not requested an upward adjustment and the court finds no factors supporting a downward modification. Accordingly, the court finds as reasonable $3,500 in fees.

## ORDER

For the foregoing reasons, the court GRANTS Plaintiff's Motion for Attorney Fees Against Defendants Buzznick, LLC and Static Media, LLC.[31] The court awards Ms. Garvey attorney's fees in the amount of $3,500.

Signed August 4, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[29] *Id.* (describing counsel's legal experience).
[30] Ex. 1, ECF No. 21-1 (8.75 hours).
[31] ECF No. 21.